United States District Court
Middle District of Florida
Jacksonville Division

**MID-CONTINENT CASUALTY COMPANY,**

*Plaintiff,*

v.	No. 3:16-CV-592-J-39PDB

**JOHNSON-GRAHAM-MALONE, INC., ETC.,**

*Defendants.*

# Order

Before the Court is Old Town Villages Condominium Association, Inc.'s unopposed motion to set aside the clerk's entry of default. Doc. 23. It explains its registered agent was served on June 1, 2016, but never forwarded the summons and complaint to it. Doc. 23 at 1. It learned of the lawsuit for the first time earlier this year when the plaintiff's counsel contacted its counsel to request documents. Doc. 23 at 1. It contends its failure to respond was not culpable or willful, it has a meritorious defense, the plaintiff will not be prejudiced by setting aside the default, it is a necessary party, and it acted promptly to correct the error. Doc. 23 at 2–6.

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "'[G]ood cause' is not susceptible to a precise formula," but relevant considerations include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Finding good cause to set aside the default (the absence of opposition, the absence of culpable conduct, Old Town's purportedly meritorious defense, the absence

of prejudice, that Old Town purportedly is a necessary party, and Old Town's prompt action upon learning of the case), the Court **grants** Old Town's motion to set aside the clerk's entry of default, Doc. 23; **sets aside** the clerk's entry of default, Doc. 8; **directs** the clerk to add an appropriate notation to the docket; and **directs** Old Town to file the proposed answer, Doc. 23-2, as a separate docket entry by **April 21, 2017**.

**Ordered** in Jacksonville, Florida, on April 17, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record